**Charles R. JOHNSON, Plaintiff,**

v.

**GEORGIA–PACIFIC CORPORATION, PLYWOOD DIVISION and International Woodworkers of America, AFL–CIO, Local 5–475, Defendants.**

**No. 86–1078.**

United States District Court,
W.D. Arkansas,
El Dorado Division.

June 18, 1987.

Gene O'Daniel, Little Rock, Ark., for plaintiff.

John D. Davis, Ramsay, Cox Law Firm, Pine Bluff, Ark., for G–P Corp.

Mark Allen, Gerber, Berger & Agee, Memphis, Tenn., for Local 5–475.

## MEMORANDUM OPINION

OREN HARRIS, Senior District Judge.

Before the Court is a Motion for Summary Judgment filed by separate defendant Georgia–Pacific Corporation, Plywood Division (GP), in the above styled cause. On June 3, 1987, the Court entered a Memorandum Opinion and Order granting a similar motion filed by the International Woodworkers of America, AFL–CIO, Local 5–475. The Court dismissed the plaintiff's Complaint insofar as it alleged a breach of the duty of fair representation against the Union under Section 301 of the Labor

Management Relations Act, 29 U.S.C. § 185.

Plaintiff was employed by GP as an hourly employee until his termination for insubordination and disobedience on October 10, 1985. He was a member of the Union at the time of his termination. On October 9, 1985, plaintiff was ordered to remove himself from the glue line by a supervisor. This order was disregarded by plaintiff. The order was repeated in the presence of plaintiff's shop steward. Again the order was disobeyed. Thereupon, the plaintiff was informed that he was suspended. The following day plaintiff met with the shop steward and a member of management pertaining to plaintiff's employment. The decision to terminate was conveyed to plaintiff.

The Union commenced a grievance on behalf of plaintiff as outlined in the collective bargaining agreement then in effect. The grievance proceeded through steps one and two with GP denying the grievance. The union grievance committee met to discuss the merits of plaintiff's grievance. The committee determined that the grievance should not be pursued further, voting to recommend to the general membership that there be no demand for arbitration of the grievance. (Arbitration is the third step of the grievance procedure under the collective bargaining agreement.).

At the general membership meeting, the Johnson grievance was presented to the members along with the committee's recommendation. On voice vote the committee's recommendation was accepted and the matter of plaintiff's grievance was terminated. Thereafter, plaintiff commenced this action.

The Court has heretofore found that the Union did not breach its duty of fair representation as a matter of law. The remaining allegations of the complaint pertain to an alleged breach of the collective bargaining agreement by GP. The United States Supreme Court has held that a plaintiff who has not exhausted his contractual remedies under a collective bargaining agreement is precluded from maintaining an action under § 301 against his employer unless he can show that the Union breached its duty of fair representation. *Vaca v. Sipes,* 386 U.S. 171, 186, 87 S.Ct. 903, 914–15, 17 L.Ed.2d 842 (1967). The Eighth Circuit has likewise ruled that the failure to exhaust remedies outlined in a collective bargaining agreement is a bar to liability against an employer unless that plaintiff can show a breach of this duty. *Sanders v. Youthcraft Coats and Suits, Inc.,* 700 F.2d 1226, 1231 (8th Cir.1983).

It is undisputed that plaintiff did not exhaust his remedies under the collective bargaining agreement. The Court has heretofore ruled as a matter of law that the Union did not breach its duty of fair representation. Therefore, under the above cited precedents, the Court can only grant GP's Motion for Summary Judgment and enter Judgment as a matter of law for GP on the complaint.

The Court incorporates herein findings of fact and conclusions of law pursuant to Rule 52, F.R.Civ.P. A separate Judgment shall be entered herewith.